**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RONTRELL ELLIS**

        Plaintiff,                               Civil Action No. 26-cv-12775
                                                HON:

vs.

**City of INKSTER, AUXILIARY OFFICER HACHAM, 161**
**And OFFICER TA'VAN HALL, BADGE 1796, in their individual and**
**official capacities,**

        Defendants.
_____/

ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
MATTHEW GROVE (P84215)
Attorneys for Plaintiff
30300 Telegraph Rd, Suite 125
Bingham Farms., MI 48025
(248) 750-0270 / F (248) 936-2105
dromano@romanolawpllc.com
mgrove@romanolawpllc.com
kjijika@romanolawpllc.com – Asst.
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
SAME TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

**<u>COMPLAINT AND JURY DEMAND</u>**

    NOW COMES Plaintiff, RONTRELL ELLIS, by and through his attorneys, ROMANO

LAW PLLC, and for his complaint against the above-named Defendants, state as follows:

1

LAW OFFICES
ROMANO LAW, PLLC

1.      Plaintiff is a resident of the City of INKSTER, County of Wayne, State of Michigan.

2.      Defendant INKSTER is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.      Defendants**, AUXILIARY OFFICER HACHAM and OFFICER TA'VAN HALL, BADGE 1796,** were police officers employed by the INKSTER Police Department and were acting under color of law, in their individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

4.      All relevant events given rise to this lawsuit occurred in the City of INKSTER, County of Wayne, State of Michigan.

5.      That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution and the Fourteenth Amendment Due Process Clause, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. Sections 1981, 1983 and 1985.  Plaintiff also has viable state law claims.

6.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1331 [federal question], 28 U.S.C. Section 1343 [civil rights].

7.      That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

2

**FACTS**

8.      Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.      That on or about November 24, 2023, Plaintiff RONTRELL ELLIS was in dire financial circumstances.   He went to Biomat Center in Inkster, Michigan to sell his plasma.   The employee Krystal Perry was extremely dismissive and disrespectful.

10. Ellis asked to talk to a supervisor to make a complaint, and Ms. Kelly took him into a room and said that she was going to call "corporate" so he could make a complaint

11.      That as Plaintiff sat at a table in the small room, Kelly called the police

12.      That sometime later, officers arrived with body-worn cameras on.  (BWC)

13.      That BWC recorded the interaction between the police and Plaintiff Ellis.

14.      That the police told Ellis to get up, he did.  The Defendant Hall told him to leave the room, Ellis did.   Ellis tried to explain what happened, but the defendants did not want to listen. Officer Hall immediately took an aggressive posture

15. That Ellis did not initiate contact, and any contact was involuntary and caused by Officer Hall's aggressive, excessive, and unnecessary contact culminating in FOUR TASER SHOTS, THREE OF WHICH OCCURRED WHILE ELLIS WAS ON HIS FACE as officers were handcuffing him. Officer Hall quickly resorted to violence.

16.  That Ellis never physically resisted the officers and never pushed any officer.  Plaintiff will provide the video, which contradicts Officer Hall's police report.   The report contains facts

3

that are inconsistent with the video.   As the law dictates, if the story conflicts with the video, the video wins. A read of Officer Hall's fiction was authored to support specious charges of resisting arrest, assaulting police officers, and disorderly conduct.

17. That, as the Blue line often works, the department endorsed the lies and prosecuted Ellis from the date of arrest, November 24, 2023, until February 12, 2026.

18. That Ellis showed up for dozens of hearings, every time refusing to take a plea.

19. That on February 12, 2026, two and a half years later, the Court dismissed the case because the officers failed to show for trial.

20. That Ellis paid thousands in legal fees, costs, and lost wages

21.. That Plaintiff has sustained nerve damage, head injury, PTSD, depression, and other injuries.

22.     That the Judge dismissed all charges when the Officers failed to show up to the court.

23.     That the Defendant Officers knew that Plaintiff had not committed the crimes that they brought for prosecution and never recanted their lies used to support their use of excessive force and bolster the illegal arrest and prosecution.

24.    That they knew they had no justification to arrest Plaintiff, but conspired to falsely arrest him, detain him, and imprison him, all the while knowing that he did not commit any crimes.

25.     That Plaintiff has incurred thousands of dollars in legal fees to defend this case.

4

26      That as a result of Defendants' violation of Plaintiff's civil rights and of state law, including using excessive force on Plaintiff, assault and battery, false arrest, false imprisonment, and gross negligence, Plaintiff suffered significant physical and emotional injuries and damages, including, but not limited to, physical injuries, emotional injuries, fright, shock, financial damages, humiliation, embarrassment, and pain and suffering, which continue today.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT 42 U.S.C. SECTION 1983**
**UNREASONABLE SEARCH AND SEIZURE**

27.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28.     That the Civil Rights Act, 42 U.S.C 1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

29.     That the named Defendants, by virtue of their purported authority as Police Officers, unlawfully and without probable cause, and all the while knowing no crime had been committed, unreasonably searched, seized, and detained Plaintiff.

30.     That upon information and belief, the named Defendants lacked probable cause to unreasonably search, seize and detain Plaintiff.

31.     That the named Defendants continued the seizure, detainment, and imprisonment of Plaintiff, when they knew, or should have known, they lacked probable cause to arrest, detain

5

and/or continue to detain and imprison Plaintiff, which was in violation of clearly established law, and Defendants are not entitled to qualified immunity.

32.    That the named Defendants' above-described actions were intentional, malicious, and punitive.

33.    That the named Defendants' intentional seizure, restraint, detention, confinement, and imprisonment of Plaintiff were unreasonable and deprived him of his personal liberty and/or freedom of movement against his will.

34.    That as the direct and proximate result of the named Defendant Officers' actions, Plaintiff was confined and imprisoned against his will.

35.    That named Defendant Officers' actions, in addition to being in violation of clearly established law, were objectively unreasonable under the totality of the circumstances, and Defendants are not entitled to qualified immunity.

36.    As the direct and proximate result of Defendants subjecting Plaintiff to deprivation of his constitutional rights to be free from unreasonable search and seizures, Plaintiff has suffered and will continue to suffer mental and emotional anguish, physical and emotional pain and suffering, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, financial damages, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

37. That Plaintiff had to expend thousands of dollars in attorney fees, suffer the indignity of facing criminal charges, and attend dozens of hearings.

LAW OFFICES
ROMANO LAW, PLLC

38. That Plaintiff steadfastly proclaimed his innocence, despite the threat of prison and further humiliation

39. That Defendants' relentless, brazen, unconstitutional, reckless, violent and unprofessional conduct should be subject to punitive damages and loss of discipline.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendants INKSTER, Officer Hall, and Auxiliary Officer Hacham, in their individual and official capacities, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

**COUNT II**
**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS –**
**42 USC 1983**
**EXCESSIVE FORCE**

40.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41.     Each and every named Defendant Officer violated Plaintiff's clearly established and federally protected rights as set forth under the U.S. Constitution and Amendments thereto, including but not limited to the Fourth Amendment to be free from unreasonable searches and seizures when they employed the unreasonable and unnecessary force on Plaintiff at the Biomat Center, where he was present as described above and in failing to intervene to stop the excessive use of force on Plaintiff, which caused  injury to Plaintiff.

7

42.     The Defendant Officers' actions were objectively unreasonable at all times and constituted excessive force and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments.

43.     Additionally, the Defendant Officers ignored Plaintiff's requests to loosen the handcuffs and/or complaints that the handcuffs were too tight and failed to loosen the handcuffs, resulting in injuries to Plaintiff's wrists.

44.     Defendant Officers deprived Plaintiff of his right to be free from excessive force pursuant to the Fourth and Fourteenth Amendments.

45.     The Defendant Officers are not entitled to qualified immunity because they violated Plaintiff's clearly established rights.

46.     As a direct and proximate result of the violations and deprivations of Plaintiff's rights, he has a viable claim for compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against the individual Defendants INKSTER, Officer Hall, and Officer Hacham, in their individual and official capacities, in an amount that is fair, just, and equitable for the injuries and damages, compensatory and punitive, for the use of excessive force, together with interest, costs, and attorney fees under 42 U.S.C §1988.

8

**COUNT III**
**DEFENDANTS INKSTER'S CONSTITUTIONAL VIOLATIONS**

47.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48.     The Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from arresting law-abiding citizens without probable cause, and from the use of excessive force against citizens.

49.     Defendant INKSTER permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights complained of herein.

50.     Defendant INKSTER, upon information and belief, had knowledge that there was a persistent pattern of its officers, including one or more of these officers, repeatedly violating citizens' constitutional rights in the manner alleged supra.

51.     That Defendant INKSTER's customs, practices, and/or policies included, but were not limited to, the following:

    a.     Failing to adequately train and/or supervise its police officers so as to prevent such violations of citizens' constitutional rights;

    b.     Failing to adequately train and/or supervise police officers regarding the arrests of individuals;

    c.     Failing to adequately train and/or supervise police officers regarding the use of excessive force on individuals and/or arrestees;

9

d.   Failing to fully investigate citizens' complaints and/or hold its officers accountable for violating citizens' civil rights in the same or similar manner as occurred here.

e.   Failing to adequately train and/or supervise police officers regarding proper basis for arrests and pursuing charges;

f.   Failing to adequately supervise, review, and/or discipline police officers whom Defendant INKSTER knew, or should have known, were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct, including arresting individuals without probable cause, fabricating charges, and acting in a revengeful manner; and

g.   Failing to adequately train and/or supervise its police officers regarding proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessively tight handcuffing and/or excessive use of force on the arrestee.

52.   Defendant INKSTER's lack of training, investigation of citizens' complaints, supervision, monitoring and disciplining of its officers were the motivating factors driving the violation of Plaintiff's civil rights.

10

53.     As a direct and proximate result of the deliberate indifference of Defendant INKSTER to the rights of citizens, Plaintiff suffered a deprivation of his constitutional rights, resulting in injury as more fully described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant INKSTER for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT IV
## FALSE ARREST AND IMPRISONMENT

54.     Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

55.     That the wrongful arrest of Plaintiff, as well as the imprisonment, detention, and search of Plaintiff were without probable cause and without reasonable suspicion that Plaintiff had or was about to engage in a criminal act.

56.     That the search, arrest and detainment of Plaintiff, physically restraining him and excessively tight handcuffing deprived him of his personal liberty and freedom of movement for an unreasonable period of time.

57.     That Plaintiff was unlawfully and falsely arrested without probable cause, and transported by Defendants to police headquarters, where he was falsely imprisoned and detained for an unreasonable and unjustified time.

58.     That the arrest and imprisonment were unreasonable and against Plaintiff's will.

LAW OFFICES
ROMANO LAW, PLLC

59.      That the acts and conduct of the named Defendants, acting individually and as employees of Defendant INKSTER, and acting in the course of their employment as police officers, constituted false arrest and/or imprisonment of Plaintiff.

60.      That as a direct and proximate result of the named Defendants' acts and/or omissions, Plaintiff suffered a loss of freedom, invasion of privacy by the manner and method of arrest and imprisonment, physical and mental pain and suffering, loss of social pleasure and enjoyment, fright, shock, fear, mental anguish, emotional distress, anxiety, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant Officers, in their individual and official capacities for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

**COUNT V: VIOLATION OF THE FOURTH AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. SECTION 1983, UNREASONABLE SEARCH AND SEIZURE, MALICIOUS PROSECUTION, CVIL CONSPIRACY PURSUANT 42 U.S.C SECTIONS 1983 AND 1985 AGAINST DEFENDANTS**

61.      Plaintiff re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12

62.     That the Civil Rights Act, 42 U.S.C 1983, provides for civil liability of the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

63      That Defendants, by virtue of their purported authority as Police Officers, unlawfully performed an unreasonable search and seizure of Plaintiff by use of criminal process.

64.     Defendants opened a case on November 24, 2023, sought a warrant to charge Plaintiff on and filed a criminal complaint Plaintiff to face hearings, pressure to plead and adjourned trials until February 12, 2026, and neither of the Defendant Officers showed up and the case was dismissed by the court.

65. That the Defendants wrongfully seized him, by beating him and tased him repeatedly and jailed him for several days   Defendants 'actions were intentional, malicious, and punitive.

66.     Defendants' actions were objectively unreasonable and in violation of clearly established law, and as such, they are not entitled to qualified immunity.

67.     As the direct and proximate result of Defendants' conspiracy and their subjecting Plaintiff to deprivation of his constitutional rights to be free from unreasonable seizures and malicious prosecution, Plaintiff has suffered and will continue to suffer mental and emotional anguish, physical and emotional pain and suffering, including but not limited to, scarring, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, financial damages, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

13

LAW OFFICES
ROMANO LAW, PLLC

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendants in their individual and official capacities, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

Respectfully submitted,

/s/ *Daniel G. Romano*
ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
Attorneys for Plaintiff
30300 Telegraph Rd., Ste. 125
Bingham Farms, MI 48025
(248) 750-0270

Date:  August 10, 2026

14

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RONTRELL ELLIS**

       Plaintiff,                            Civil Action No. 23-cv-12775
                                                    HON:

vs.

**City of INKSTER, AUXILIARY OFFICER HACHAM, 161**
**And OFFICER TA'VAN HALL, BADGE 1796, in their individual and**
**official capacities,**

       Defendants.

_____/
ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
MATTHEW GROVE (P84215)
Attorneys for Plaintiff
30300 Telegraph Rd, Suite 125
Bingham Farms., MI 48025
(248) 750-0270 / F (248) 936-2105
dromano@romanolawpllc.com
mgrove@romanolawpllc.com
kjijika@romanolawpllc.com – Asst.

_____/

## PLAINTIFF'S JURY DEMAND

    NOW COMES Plaintiff, RONTRELL ELLIS, by and through his attorneys, ROMANO

LAW PLLC, and hereby makes a formal demand for a trial by jury of the facts and issues involved

in this cause of action.

                              Respectfully submitted,

15

/s/ *Daniel G. Romano*
ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
Attorneys for Plaintiff
30300 Telegraph Rd., Ste. 125
Bingham Farms, MI 48025
(248) 750-0270

Date:  August 10, 2026

LAW OFFICES
ROMANO LAW, PLLC

16